THE COUNTY OF WASHINGTON *versus* BROWN & *al.*

Of land reserved and set off for the use of the gospel ministry and of schools, &c., in townships not yet incorporated, the county, in which it is situated, by virtue of the Act of 1842, holds the place of trustee to the parties, for whose benefit the reservation was made.

Upon a bond, given to the county to pay for timber taken from such land, the county may maintain suit, though having no beneficial interest in the avails.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J. presiding.
DEBT on bond.

The grant of an unincorporated township of land, to the principal defendant, contained the usual reservations for public uses. Upon a process, instituted by the County Commissioners, a committee had set off and located certain lots for those uses, and their report was in readiness to be returned to the next District Court. Said defendant being dissatisfied with the location and determined to resist the acceptance of the report, proceeded to take timber from those lots.

In order to prevent a seizure of the timber by the County Commissioners, he gave to the County a bond, stipulating to pay for the timber, at a specified price, if the report of the committee should be accepted. The report having been accepted, this suit is brought upon the bond.

. The case was withdrawn from the jury, and submitted to the Court.

*Fuller* and *Harvey*, for the plaintiffs.

*Hodgdon* and *Madigan*, for the defendants.

Where reservations for charitable uses are contained in a grant of land made by the State, and the beneficiaries are not in existence, the fee does not pass from the State, or if it does pass, remains in abeyance, until the corporation shall come into existence, in which it is to vest.

The State, in virtue of its sovereignty, in either supposition, holds such reservations in trust. *State* v. *Cutler*, 16 Maine, 349.

Actions of trespass, or on contracts, respecting the lands reserved or the timber thereon, must be brought in the name of the State, unless the Legislature has authorized them to be commenced in the name of some other corporation, or individual.

Although the security may be given in the name of an agent, the right of action is not discharged, nor is there any consideration to support the promise, and the action must be commenced in the name of the State. *Irish* v. *Webster & al.* 5 Maine, 171.

The law, giving the custody of these lots to the County Commissioners, constitutes them the *agents of the State.* The fact of their being County Commissioners, can give the county no interest in the lands, or the funds derived from them.

Even were the county, in its corporate capacity, the agent, special authority would be required to substitute its name for that of the State, in the commencement of actions.

By the law of 1848, the agents are to pay over securities and money to the State Treasurer in sixty days after received,

and the County Commissioners are to turn over all securities in their hands, to the agents, forthwith.

The action is neither in the name of the agent, or the trustee, nor is there a privity of contract between the county of Washington and the defendants.

TENNEY, J. — This case is essentially unlike that of *Irish* v. *Webster & al.* 5 Greenl. 171, which was upon a note not negotiable, given by the defendants therein to James Irish, State's agent, for a prior indebtedness to the State for logs cut on its lands, by the permission of the plaintiff's predecessor in · office, no discharge for that indebtedness having been given.

The statute of 1842, chap. 33, sect. 21, gave power to the County Commissioners to seize and sell any timber cut by any trespassers on lands reserved for public use, and pay the proceeds of such sales into the county treasury. Under this authority, the County Commissioners of the county of Washington, sold to the principal defendant, timber which he had cut upon the reserved lots in township, numbered 10, in the 3d range, North of the Bingham Purchase, during the winter, previous to the sale, and at the same time, and in consideration of the sale, the defendants bound and obliged themselves to pay to the county of Washington, the sums named therein on certain conditions, which have been fulfilled.

If there were no consideration named in the instrument declared on, it would not be competent for the obligors to defend upon this ground, against a sealed contract.

But there was no other relinquishment of title or sale of the timber, than what is contained in this instrument ; by it the transfer of the interest, which had not previously passed, and the contract to pay the stipulated price were simultaneous; and there was full and valid consideration for the defendants' obligation apparent on the face of the paper.

The instrument runs to the county of Washington, a body corporate, capable of commencing and maintaining actions. The suit is for the purpose of obtaining the amount admitted

by the defendants to be due from them, for the benefit of the party, to whom it may belong. The county of Washington holds the place of trustee to such party; and to sustain a suit in its name, it is not necessary that it should be beneficially interested in the fund sought to be obtained. 1 Chitty's Pleading, 4; *Scholey and Dornville* v. *Mearns*, 7 East, 148. The payment of a judgment in this suit will be a perfect protection against any other suit for the same cause.

*Defendants defaulted.*